The Honorable Mike Everett State Senator 412 Broadway Marked Tree, Arkansas 72365
Dear Senator Everett:
This is in response to your request for an opinion on whether an employee of the Crowley's Ridge Educational Cooperative can run for a position on the Weiner School Board, when the Weiner School District is one of the school districts participating in the Crowley's Ridge Educational Cooperative. Specifically, you have posed the following question:
 Does the prohibition against a school employee being a member of a school board apply to a person who works for an educational cooperative which is owned, in part, by the school?
It is my opinion, although the issue is not entirely clear, that an employee of an educational cooperative may not legally hold the position of school board director in a school district which participates in the cooperative. This would especially pose a conflict of interest if the would-be school board member also was the designated member of the board of directors of the educational cooperative, as is provided for by statute.
It is necessary as an initial matter to clarify some terminology used in your question. You have indicated that the Weiner School District is one of the twenty or so participating schools who "own" the cooperative. It appears from a reading of the statutes governing educational cooperatives that they are established by the State Board of Education at the request of school districts, and their basic structure, including salaries for the director and support staff, is funded by the state. See A.C.A. §§6-13-1002 (Repl. 1993), and 6-13-1019 (Repl. 1993). School districts, however, may contract with educational cooperatives for services partially or completely supported by local funds (A.C.A. § 6-13-1018) and may contract specifically for part-time personnel to be supported in whole or in part with local funds.See A.C.A. § 6-13-1019 (c).
With this backdrop in mind, I may now answer your specific question. The prohibition you mention regarding school directors and employment in a school district is found at A.C.A. §6-13-616(b) (Repl. 1993) and provides that "[n]o person who is elected to a school district board of directors shall be eligible for employment in that same school district." This provision does not, on its face, apply to employment with an educational cooperative. There is a statutory provision regarding educational cooperatives, however, which can be said to render A.C.A. §6-13-616 applicable to employees of educational cooperatives. Section 6-13-1011(a) provides that "[p]ersonnel of education service cooperatives shall be employed in accordance with laws, rules, regulations, and procedures applicable to the school districts of this state." It is my opinion that this section evidences a legislative intent that personnel of educational service cooperatives are to be governed by the same laws and regulations which govern employees of school districts. It can therefore be concluded that the prohibition against simultaneously serving as a school board director and an employee of a school district is also applicable to employees of educational service cooperatives. This is one basis for concluding that such service would in all likelihood be violative of law.
The conflict of interest necessitating this rule would be especially apparent if the Weiner School board member were also selected as the designated representative from Weiner to sit on the educational cooperative board. The law provides that each school district participating in an educational service cooperative shall be represented on the board of the educational service cooperative by one of its school board members. A.C.A. §6-13-1006(a) (Repl. 1993). The conflict of interest of a cooperative board member also being employed by the cooperative is manifest. The board of directors of the cooperative is responsible for employment of personnel, budgeting, and expenditure of cooperative funds. A.C.A. § 6-13-1006(d).
The school board member's participation in school board decisions regarding contracts with the cooperative could also give rise to continuing conflicts of interest.[1]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It should be noted that such provisions as A.C.A. § 6-21-603, which prohibits any member of a school board from being interested directly or indirectly in the contracts of the district, and A.C.A. § 6-13-617, which requires directors to swear an oath to such effect, might be implicated by your question, although this office has previously opined that these provisions do not apply to "personnel contracts." See Op. Att'y Gen. 93-344. The applicability of these provisions would depend upon all the facts surrounding the contract.